**Eleanor W. BENNETT, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration,\* Defendant—Appellee.**

No. 01–57251.
D.C. No. CV–01–01617–GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided March 11, 2003.

---

\* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

**136**

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM**

Eleanor W. Bennett appeals from the district court's affirmance of a decision by an Administrative Law Judge ("ALJ") denying her disability insurance benefits. We reverse and remand for an award of benefits.

The relevant facts are known to the parties and are discussed here only briefly and as necessary. Bennett left work permanently on July 23, 1982 due to severe pain in her neck, back, shoulders, arms, and hands. The pain was caused by an earlier injury. The record contains reports from Bennett's treating physician, Jerome K. Schaffer, who saw Bennett many times over a number of years. He diagnosed chronic myocervical derangement with myofibrositis and determined that she was entirely unable to work. Further evidence in the record shows that Schaffer was unable to treat Bennett's pain effectively by medication, in part because she was allergic to many pain medications. He therefore referred her for surgery that he believed might reduce her pain. However, the surgery was unsuccessful in controlling the pain. The record also includes various hospital reports and testimony from Bennett, all consistent with Bennett's reports of pain and inability to work.

The ALJ found that Bennett's allegations of pain and other symptoms through December 31, 1987, the last day of her insured status, were "not credible or reliable based on the medical and lay evidence" and that Bennett "did not have any impairment or impairments which more than minimally affected her ability to perform basic work-related activities." The ALJ based these findings and his final determination not on any medical evidence conflicting with Schaffer's, but rather because he gave little weight to Schaffer's evidence, and, apparently, because he did not find Bennett's testimony credible.

The ALJ rejected Schaffer's evidence primarily because it included little in the way of specific, objective diagnostic testing. However, while a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96–2p, it can nonetheless be rejected only for " 'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited unless it can be rejected for clear and convincing reasons. *Holohan*, 246 F.3d at 1202–03. Thus, because Schaffer's medical opinions were uncontradicted and because he concluded that Bennett's impairment rendered her completely unable to work, we must reverse unless the ALJ's reasons for rejecting Schaffer's evidence were clear and convincing and were supported by substantial evidence in the record.

The ALJ cited four reasons (other than a paucity of objective findings) for rejecting Schaffer's opinions: 1) Schaffer referred to Bennett's neck pain as "intermittent," 2) Bennett did not stop working immediately after her injury, 3) Bennett continued to drive short distances and perform light household activities after she

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stopped working, and 4) Bennett did not receive aggressive pain therapy.

The first three of these reasons are insubstantial. First, Schaffer's diagnosis of "intermittent" pain is not inconsistent with Bennett's having been disabled due to pain. If, as Bennett testified, the pain was often so severe that she was unable to sit or hold a pen, then she could not be employed in positions, including her past relevant work, that required constant writing or sitting. Second, that Bennett was able to work for a time after her injury is not inconsistent with the evidence of Schaffer and Bennett that Bennett's pain gradually became so severe that she became unable to work. Third, the fact that Bennett continued to drive short distances and perform light household activities is not inconsistent with her testimony and Schaffer's opinion that she was unable to work. *See Smolen v. Chater,* 80 F.3d 1273, 1284 n. 7 (9th Cir.1996) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment. . . ."); *Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

The ALJ's fourth reason is factually inaccurate. The record shows that Bennett underwent surgery in an effort to control her pain. Surgery is without doubt an aggressive form of treatment.

Because the ALJ's reasons for rejecting the treating physician's evidence were not clear and convincing, and because those reasons were not supported by substantial evidence in the record, we reverse and remand to the district court with instructions to remand to the Social Security Administration for the award of benefits.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

O'SCANNLAIN, Circuit Judge, dissenting.

I must respectfully dissent from the decision to reverse the district court and to award disability benefits. The Commissioner's decision to deny benefits may be overturned "only if it is not supported by substantial evidence." *Morgan v. Apfel,* 169 F.3d 595, 599 (9th Cir.1999). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a decision." *Id.* Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Id.; Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).

In this case, the ALJ found that Bennett had failed to meet her burden of showing that she was disabled by her neck and shoulder pain. Specifically, the ALJ rejected the opinion of Bennett's treating physician, Dr. Schaffer. The majority is correct to note that such an opinion can be rejected only for " 'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir.1998)). I must part ways with the majority, however, with respect to its conclusion that the ALJ failed to provide such reasons in this case. For, in rejecting Dr. Schafer's opinion, the ALJ noted that, at bottom, the opinion was premised on subjectively controlled motion testing rather than "medically acceptable clinical and laboratory diagnostic techniques." Social Security Ruling 96–2p. We have elsewhere held that, where a medical opinion is premised upon the patient's "own subjective complaints," the absence of an independent, objective basis for the opinion itself "constitutes a specific, legitimate reason for rejecting the opinion of a treating physician." *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989).

The majority's critique of the other reasons relied upon by the ALJ becomes decidedly less persuasive when stripped of the imprimatur of medical authority. Indeed, the ALJ's credibility determination—that is, that Bennett's testimony regarding her neck pain was not believable in light of the activities she admittedly engaged in—takes on added weight: For if the ALJ found Bennett's testimony not worthy of credence, it had all the more reason to reject Dr. Schaeffer's conclusions, themselves based entirely upon subjective input from Bennett.

At best the majority has demonstrated that the evidence in this case is susceptible to more than one rational interpretation. Such a demonstration is insufficient, however, to reverse the ALJ's conclusion. *Andrews*, 53 F.3d at 1041. Accordingly, I respectfully dissent.